IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sylvia Richardson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:11-3337-MGL-BM |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before this Court for review of the Report and Recommendation of the United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Sylvia Richardson ("Richardson") brought an action seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. In his Report and Recommendation, the Magistrate Judge recommends affirming the Commissioner's decision. Richardson filed objections to the Report and Recommendation claiming that the ALJ and Magistrate Judge erred in their assessment of Richardson's chronic pain and its effect on her residual functional capacity. (ECF No. 24.) For the reasons stated below, the court adopts the Report and Recommendation of the Magistrate Judge.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation ("Report") sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. Richardson was forty-one (41) years old when she alleges she became disabled, has a high

school (equivalency) education, and has past work experience as a cook, custodian, machine operator, sprayer, and housekeeper. (Tr. 17, 24, 130, 135.) Richardson filed an applications for DIB and SSI, alleging disability beginning October 12, 2004, due to back and upper left side pain, diabetes, high blood pressure and thyroid issues.  (Tr. 130, 135, 177.)  The claims were denied initially on January 29, 2008 and upon reconsideration on June 6, 2008.  (Tr. 17, 79-82, 89-92.) Richardson requested a hearing which was held on March 23, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 27-65.)  At the hearing, Richardson, through her attorney, amended the alleged onset date of disability to October 27, 2007.  (Tr. 17.)  The ALJ concluded that Richardson was not disabled as defined by the Social Security Act in a decision dated April 1, 2010.  (Tr. 26.)   The ALJ's decision became the final decision of the Commissioner on October 17, 2011. (Tr. 1.) Richardson subsequently filed an action in this Court. ( ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming ALJ's decision, having concluded that there is substantial evidence to support the decision of the Commissioner.  (ECF No. 22 at 18.)  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).  "However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed.  While the

level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

### III.  PARTIES' RESPONSE

Richardson filed objections to the Report and Recommendation on November 19, 2012, arguing that the ALJ and Magistrate Judge erred in their assessment of Richardson's chronic pain and its effect on her Residual Functional Capacity ("RFC").  (ECF No. 24.)  Richardson also maintains that the ALJ's decision is not supported by substantial evidence.  (ECF No. 24.) The Commissioner filed a response to Richardson's Objections to the Magistrate Judge's Report submitting that the Court should adopt the Report and Recommendation and that Richardson is simply re-arguing points that were addressed in the Magistrate Judge's Report.  (ECF No. 25.)

### IV. DISCUSSION OF THE LAW

#### A. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th

Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032 *2 (4th Cir.1995) (*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### B. Assessment of Richardson's RFC Analysis

Richardson objects to the ALJ's failure to identify Richardson's "three herniated discs, radiculopathy from the herniated discs, and chronic pain" as a severe impairment. (ECF No. 24 at 2.) Richardson also argues that the ALJ and Magistrate Judge failed to appreciate that Richardson has a chronic pain syndrome which interferes with her ability to engage in gainful employment because neither understood or appreciated the difference between thoracic herniated discs and lumbar/cervical herniated discs. (ECF No. 24 at 2.) Richardson characterizes the ALJ's evaluation

as having considered the medical evidence in terms of whether she had "cervical" or "lumbar" radiculopathy only. The Commissioner maintains that the ALJ's decision clearly reflects that the ALJ considered Plaintiff's thoracic spine disc herniations in finding that Richardson had "severe disc disease." (ECF No. 25 at 2.) The Commissioner notes that the ALJ specifically considered evidence related to Richardson's thoracic spine herniations in determining her RFC to include the findings of John Steichen, M.D., imaging studies and treatments, and the objective findings of Richardson's treating and examining physicians. (ECF No. 25 at 2.) The findings, the Commissioner notes, reflected that Richardson had full strength in her upper and lower extremities, no neurological defects, a normal gait, and generally stable diabetic nephropathy on medications. (ECF No. 25 at 2.)

This Court must determine whether the ALJ's decision is supported by substantial evidence. Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id*. If there is substantial evidence to support the Commissioner's decision then this court's inquiry must terminate. *Id.* at 641. This Court should not weigh the evidence or substitute its judgement for that of the Commissioner if the decision is supported by substantial evidence. *Id.* Thus, the Court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings, and that his conclusion is rational. *See Vitek,* 438 F.2d at 1157–58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1973).

In support of her position that the ALJ and the Magistrate Judge failed to appreciate that

Richardson has a specified medical condition that *can* cause the pain alleged, Richardson points to various medical articles and other evidence in an effort to suggest that Richardson's medical condition was more severe than that found by the ALJ. (ECF No. 24 at 2-6.) Richardson, however, did not assert how any of the generalized medical research and findings would dictate any limitations more restrictive than those set forth in the RFC analysis. Upon review of the ALJ's decision, the Court finds that substantial evidence supports his determination. The ALJ found that Richardson has the severe impairment of degenerative disc disease, particularly noting a cervical spine MRI (Exhibit 16F). (Tr. 22.) In his RFC analysis, the ALJ also specifically took note of the MRI of the thoracic spine which showed disc herniations at T5-6, 6-7, and 7-8. (Tr. 22.) The ALJ did consider the findings of Dr. John Steichen, a neurosurgeon, following the review of the MRI where he noted bulging discs of the thoracic spine and degenerative disc disease. (Tr. 22.) The ALJ noted the types of treatment Richardson received and the findings of Dr. Steichen and Dr. Marshall White and other treating and examining physicians related to her symptoms more generally as well as the thoracic disc herniations. (Tr. 22-24.) The ALJ specifically noted that Dr. Steichen indicated that Richardson's symptoms were, in his opinion, related to thoracic disc protrusions and recommended treatment without surgical intervention accordingly.[1] (Tr. 22.) While the record does include

---

[1] Richardson claims that the Magistrate Judge inaccurately recited the medical evidence presented by Dr. Steichen in reporting that Dr. Steichen did **not** think that Richardson's symptoms related directly to her thoracic disc protrusions. (ECF No. 22 at 8.) Richardson correctly notes that Dr. Steichen did think that Richardson's symptoms were related to her thoracic issues and this was noted by the ALJ in his RFC analysis. This oversight on the part of the Magistrate Judge is at most a scrivener's error or clerical error and does not call into question the Magistrate Judge's ultimate legal conclusions. In spite of this, the Magistrate Judge correctly pointed out the ALJ's discussion of Dr. Steichen (and Dr. Li's) statements that Richardson was disabled and would be unable to work with the amounts of pain claimed, and noted that these opinions were contracted by their own treatment notes and other objective findings, and were also conclusions reserved for the Commissioner. (ECF No. 22 at 13-14.)

evidence indicating Richardson was diagnosed with thoracic disc herniation, this diagnosis does not mandate an automatic finding of disability. In accordance with the Magistrate Judge's recommendation, the Court finds that the ALJ's discussion of Richardson's medical impairments and symptoms supports his RFC finding.

Next, Richardson claims that the Magistrate Judge failed to adequately consider the opinions of Richardson's primary physicians and instead gave significant weigh to the state agency physicians. (ECF No. 24 at 3.) Having reviewed the ALJ's decision, the Court does not find where the ALJ indicated that he is giving *substantial* weight to the state agency's physicians or that he discounted the opinions of Richardson's primary physicians nor has Richardson identified any references in support of her argument. The ALJ merely considered the state agency physicians, as non-examining physicians, along with all of the other evidence in the record. (Tr. 25.) In fact, the ALJ actually assigned Richardson greater restrictions than those opined to by the state agency physicians. (ECF No. 22 at 15.) Thus, this objection is not supported by the record and lacks merit.

### C. Subjective Complaints of Pain

Next Richardson objects to the ALJ and Magistrate Judge's treatment of her complaints of pain by maintaining they erred by trying to find "objective evidence of pain" in contradiction to the Fourth Circuit's pain standard. (ECF No. 24 at 10.) Specifically, Richardson claims that the ALJ "ignored evidence of a very valid medical condition that caused Ms. Richardson's pain." (ECF No. 24 at 13.) Accordingly, Richardson argues that the ALJ's determination that Richardson could perform light work is flawed. (ECF No. 24 at 13-14.)

Under the standard set forth in *Craig v. Chater*, 76 F.3d 585, 591–96 (1996), subjective complaints are evaluated in two steps. First, there must be documentation by objective medical

evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged. Once such underlying impairment is deemed established, the fact finder proceeds to the second step. The second step includes consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaint and to determine the extent the complaints limit a claimant's ability to work. *See also* 20 C.F.R. § 404.1529(b); Social Security Ruling (SSR) 96–7p, 61 Fed.Reg. 34483–01, 34484–85.

After a careful review of the ALJ's decision, the Court find that the ALJ applied the controlling law and that his pain analysis is supported by substantial evidence. The ALJ specifically referenced his duty to follow a two-step process in evaluating Richardson's symptoms and complaints of pain. (Tr. 20.) The ALJ then carried out this obligation in the process of conducting his RFC analysis. (Tr. 20-24.) Upon review of all of the medical evidence, the ALJ concluded that while Richardson's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 24.) He went on to determine that Richardson was unable to perform any past relevant work experience and then restricted her to light work, taking into account her reduced activities of daily living and Richardson's complaints. (Tr. 24.)

It is the duty of the ALJ, not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ thoroughly reviewed the objective medical evidence, compared it with Richardson's subjective testimony as to her pain and limitations, and found that Richardson's claims concerning the intensity,

persistence, or limiting effects of her symptoms were not credible to the extent they were inconsistent with his findings. While there may be evidence in the record from which more severe findings could have been inferred, the ALJ was not required to accept only the more severe diagnoses of Richardson's condition.  *Lee v. Sullivan*, 945 F.2d 687, 692-693 (4th Cir.1991).   It is the ALJ's role to review all of the evidence and consider that evidence in making his decision.  The ALJ's decision reflects that he carried out this responsibility.

**V. CONCLUSION**

The Court has made a de novo review of the relevant portions of the record, as well as the applicable law, and finds no reversible error.  The record contains substantial evidence to support the conclusion of the ALJ that Richardson was not disabled within the meaning of the Social Security Act during the relevant time period.  After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court adopts the recommendation of the Magistrate Judge to the extent it is consistent with this order.  The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
January 28,  2013